UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DONALD RAY MORGAN                                                           PLAINTIFF

VERSUS                                               CIVIL ACTION NO. 1:07CV1121-RHW
Consolidated with CIVIL ACTION NO. 1:07CV1122-RHW

WARDEN DONALD CABANA et al                                 DEFENDANTS

## **MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT**

This matter came before the Court for screening pursuant to 28 U.S.C. § 1915A. Plaintiff, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights lawsuit alleging that his constitutional rights were violated because the Defendants failed to protect him from three assaults at the hands of other inmates while incarcerated at the Harrison County Adult Detention Center (HCADC). At the time of the assaults, Plaintiff was a pre-trial detainee. Plaintiff filed two separate complaints, Civil Action Nos. 1:07cv1121 & 1122, which the Court consolidated into this single action. The Court conducted a screening hearing on March 5, 2008. Subsequent to the hearing, Plaintiff submitted a series of eight letters to the Court complaining about his treatment while at the HCADC. In light of Plaintiff's correspondence, and out of an abundance of caution, the Court *sua sponte* entered an [39] Order on September 22, 2008, allowing Plaintiff the opportunity to amend his complaint to incorporate any factual allegations that were made in the letters but that were not a part of the formal pleadings. Plaintiff filed his [41] amended complaint on October 10, 2008.

In his amended complaint, Plaintiff alleges that he was the victim of assaults by other inmates on three occasions. The first attack occurred on or about March 19, 2007. Plaintiff

alleged that the assault occurred in a "blind spot", or an area within the jail section where jailers could not see what was happening. After being taken to the hospital for treatment of his injuries, Plaintiff was returned to HCADC on March 20, 2007, and placed into protective custody. On or about August 27, 2007, while in protective custody, Plaintiff was attacked a second time by different inmates, a group of juveniles who were housed on the second floor of the protective custody section. Plaintiff alleges that this attack occurred in the day room, in plain view of the security tower, but that the Sheriff's Deputy on duty was not very alert and did not observe the attack on Plaintiff. On May 14, 2008, while Plaintiff was still in protective custody, a Sheriff's Deputy left his cell door open. When the deputy on duty was not looking, or was otherwise distracted, an unidentified inmate entered Plaintiff's cell and hit Plaintiff over the head with a metal box. Plaintiff was treated and returned to protective custody. Plaintiff generally alleges that the Defendants failed to protect him because the jail was overcrowded, the facility was understaffed, security was inadequate, and staff training was insufficient.

Prison officials have a constitutional duty to protect inmates from violence at the hands of their fellow inmates. *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006). However, prison officials are not expected to prevent all inmate-on-inmate violence. *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). An inmate "must show that he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials were deliberately indifferent to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). An official acts with the requisite deliberate indifference if he is aware of an "excessive risk to inmate . . . safety" and disregards that risk. *Id.* at 837. An officer's awareness of the risk is evaluated subjectively. *Longoria*, 473 F.3d at 592-93. A prison official knows of an excessive risk only if (1) he is

2

aware of facts from which he could infer that a substantial risk of serious harm exists and (2) he in fact draws the inference. *Id.* at 593. No liability exists if an official reasonably responded to a known substantial risk, even if the harm was ultimately not averted. *Id.*

In his complaint, screening hearing testimony, and amended complaint, Plaintiff does not allege that prison officials were aware of a specific risk of harm to Plaintiff. Rather, Plaintiff argues that the Defendants created conditions that made an attack on an inmate by other inmates more likely. These conditions include inadequate security, insufficient staff, and inadequate training of staff. While Plaintiff's allegations about the management and staffing of the jail might state a cause of action for negligence, or even gross negligence, they do not state a cause of action for deliberate indifference. Therefore, these allegations do not rise to the level of a constitutional violation.

Regarding the specific assaults on Plaintiff, he alleges that the deputies on duty were negligent, but he does not allege any deliberate indifference on the part of the deputies. Plaintiff offers no allegation that Defendants were aware of a risk to his health or security at the hands of other inmates prior to the any of the assaults. In fact, at the screening hearing, Plaintiff conceded that none of the Defendants were personally aware of what was going on at the time of the first two assaults.[1] Moreover, Defendants took precautionary measures following the first assault by placing Plaintiff in protective custody. After the second assault, they took further safety measures by placing Plaintiff in a different section of protective custody where he had a cell to himself.

---

[1] Plaintiff did not testify at his screening hearing regarding the third assault, because the third assault did not occur until approximately two months after the screening hearing.

Plaintiff does not draw any connection between the first assault and the two subsequent assaults. Based on his allegations and testimony, the assaults appear to be independent and isolated incidents. Plaintiff stated at the screening hearing that the first assault resulted from an argument between Plaintiff and another pre-trial detainee named Jessie Yarborogh regarding Plaintiff's Elavil prescription, which Plaintiff takes to help him sleep. Plaintiff testified that the inmates who assaulted him on August 27, 2007, were juveniles put up to it by another unidentified inmate, who then turned around and "ratted" on the assailants. Plaintiff stated that he had never spoken with the assailants prior to this second assault. Plaintiff does not offer any insight into the motivation of the inmate who assaulted him on May 14, 2008.

The mere fact that Plaintiff was assaulted on a prior occasion does not create a constitutional cause of action for failure to protect. Even taking Plaintiff's allegations and testimony as true, there is no claim by Plaintiff that Defendants were on notice of a risk of assault on Plaintiff while he was an inmate at HCADC. Moreover, Defendants were not deliberately indifferent, as demonstrated by the protective measures taken following each of the first two assaults. Hence, Plaintiff has failed to allege the requisite subjective knowledge to sustain a cause of action under § 1983. Based on the foregoing, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's 42 U.S.C. § 1983 complaint is DISMISSED with prejudice for failure to state a claim. Plaintiff is cautioned that his dismissal for failure to state a claim constitutes a strike under 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes he will be barred from bringing a civil action or appeal a judgment in a civil action proceeding under § 1915, unless Plaintiff is under imminent danger of

serious physical injury.

SO ORDERED, this the 20th day of April, 2009.

                                                                       s/ *Robert H. Walker*  
                                                                    UNITED STATES MAGISTRATE JUDGE